**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALFONSO LEYVA, *et al*.,

        Plaintiffs,

v.                                      CIVIL CASE NO. 04-60068
                                       HON. MARIANNE O. BATTANI

FORD MOTOR CORP., and HUNTINGTON
FORD, INC.,

        Defendants.

_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.  INTRODUCTION**

      Before the Court is Defendants' Motion for Summary Judgment (Doc. #30).  This is an automotive products liability case in which Plaintiffs allege a manufacturing defect in a steering component of a 1999 Ford Explorer.  Defendants have moved for summary judgment claiming Plaintiffs have not produced any evidence showing there was a manufacturing defect, or that the alleged defect would have caused the accident that is the catalyst of this litigation.

      On June 30, 2001, plaintiff Jose Garza, Sr. was driving the Ford Explorer on an interstate near Vicksburg, Mississippi.  Shortly after midnight, the Explorer left the road, struck a dirt embankment in the median and rolled onto its side.  The driver and four passengers sustained injuries due to the accident.  Plaintiffs contend that a failure in a steering component caused the steering knuckle to break due to a fatigue fracture.  Plaintiffs contend that the failure of the steering knuckle caused the driver to lose control of the vehicle and crash.  Defendants contend that the driver lost control of the vehicle because he fell asleep and that the damage to the vehicle

and steering components were a result of the impact of the crash with a dirt embankment in the median.

Defendants have moved for summary judgment, contending that Plaintiffs have produced no admissible evidence during discovery to support the assertion that there was a casting flaw in the steering knuckle, or that a failure of only one of the steering knuckles could cause a driver to lose control of a vehicle. Defendants point to the fact that Plaintiffs have not had an engineer or metallurgist, eligible to testify at trial, examine or test the part in question. Defendants contend that the expert opinions of their engineers and metallurgist, as well as the conclusion of the Plaintiffs' insurance company investigator, show there is no genuine issue of material fact as to the cause of the accident.

## II.     STANDARD OF REVIEW

Under Rule 56(c)[1] of the Federal Rules of Civil Procedure, summary judgment may be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

A trilogy of United States Supreme Court cases - Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, (1986); Anderson v. Liberty Lobby Inc., 477 U.S. 242, (1986); and Celotex Corp. v. Catrett, 477 U.S. 317, (1986) – set the standards for deciding whether to grant a motion for summary judgment. As the United States Supreme Court has ruled:

---

[1] On a motion for summary judgment in a diversity case such as this, the provisions of Federal Rule of Civil Procedure 56 control its determination. Reid v. Sears, Roebuck and Co., 790 F.2d 453, 459 (6th Cir. 1986).

In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

Celotex, 477 U.S. at 322.  The Court of Appeals for the Sixth Circuit, in turn, has created guidelines in administering the principles set forth in the three Supreme Court cases above.

The movant bears the burden of demonstrating the absence of all genuine issues of material fact.  See Hager v. Pike County Bd. of Educ., 286 F.3d 366, 370 (6th Cir. 2002).  The initial burden on the movant is not as formidable as some decisions have indicated.  The moving party need not produce evidence showing the absence of a genuine issue of material fact.  Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the

district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325.

Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue.  FED. R. CIV. P. 56(e); Chao v. Hall Holding Co., 285 F.3d 415, 424 (6th Cir. 2002).  The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.  See Hunt v. Cromartie, 526 U.S. 541, 549 (1999); Sagan v. U.S., 342 F.3d 493, 497 (6th Cir. 2003).

"A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties."  Kendall v. Hoover Co., 751 F.2d

3

171, 174 (6th Cir. 1984)(citation omitted)(quoting Black's Law Dictionary 881 (6th ed. 1979)). To create a genuine issue of material fact, the nonmovant must do more than present some evidence on a disputed issue.

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

Anderson, 477 U.S. at 249-50.

The evidence itself need not be the sort admissible at trial. Tinsley v. General Motors Corp., 227 F.3d 700, 703 (6th Cir. 2000). However, the evidence must be more than the nonmovant's own pleadings and affidavits. Smith v. Campbell, 250 F.3d 1032. 1036 (6th Cir. 2001). The mere existence of a scintilla of evidence in support of the non-movant is not sufficient; there must be sufficient evidence upon which a jury could reasonably find for the non-movant. Anderson, 477 U.S. at 252. Also, where the non-moving party must meet a higher burden of proof than usual, that party must meet the same burden in resisting the motion for summary judgment. Id. "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a jury verdict." Id. at 256. "No genuine issue of material fact exists when the 'record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" Michigan Paytel Joint Venture v. City of Detroit, 287 F.3d 527, 534 (6th Cir. 2002) (quoting Matsushita, 475 U.S. at 587).

### III. ANALYSIS

#### A. Plaintiffs Cannot Show A Manufacturing Defect

Under Michigan law, in order to state a claim against a defendant for any manufacturing

4

defect, the plaintiff must show that the product was defective when it left the manufacturer and that the product reached the end user in the same condition as when it left the manufacturer. See Holloway v. General Motors Corp., 271 N.W.2d 777, 780 (1978); Prentis v. Yale Mfg., 421 Mich. 670, 365 N.W.2d 176 (1984).

> As to the manufacturing defect claim, it is well-settled that such a claim cannot be proven without expert testimony. To make out a claim for a manufacturing defect, [Plaintiff] must show that the [defective part] did not perform as intended by the manufacturer. To prove this, the product must be evaluated against the manufacturer's own production standards, as manifested by the manufacturer's other like products. . . . Without such evidence, he cannot survive summary judgment on a manufacturing defect claim.

Moisenko v. Volkswagenwerk Aktiengesellschaft, 100 F.Supp.2d 489, 493 (W.D. Mich. 2000) (citations omitted).

Plaintiffs contend that they do, in fact, have an expert that will testify that the steering component failed due to a manufacturing defect. However, their potential expert, Gene McKnight, is not a metallurgist or an engineer. Further, McKnight gave only a cursory inspection of the vehicle almost three years after the accident occurred. He was only able to inspect the vehicle while it was raised by a forklift. He was not allowed, for safety reasons, to go underneath the vehicle and did not remove any parts for closer inspection and testing. Further, he recommended that Plaintiffs' counsel obtain an expert metallurgist to conduct electron microscopy tests to determine whether the cause of the component's failure was in fact due to a fatigue fracture. The basis of McKnight's opinion that it was metal failure that caused the steering component to fail was his failure to observe "witness marks"[2] that indicate the

---

[2] A witness mark is notching or scoring in metal that indicates impact or collision with other components or external objects.

5

component failed due to a collision. The part in question was admittedly covered in rust at the time of the inspection. Given the elapse of time between the accident and the inspection, the quality of the inspection, and McKnight's recommendation that a metallurgist conduct a detailed inspection to conclusively determine the cause, Plaintiffs have failed to present sufficient evidence for a jury to return a verdict for Plaintiffs in light of Defendants' engineering and metallurgy experts' findings to the contrary of Plaintiffs' theory. Further, Plaintiffs' insurance company own investigation, conducted less than three months after the accident, also determined that the steering component failed due to impact, and not a fatigue fracture. In this case, Plaintiffs' evidence is merely colorable, and is not significantly probative of a manufacturing defect to withstand a motion for summary judgment.

Next, Plaintiffs have also not tested the allegedly defective component against exemplar steering knuckles from Ford to determine if there was any deviation from Ford's production standards. Thus, Plaintiffs cannot prove that the allegedly defective steering knuckle did not meet Ford's standards. "Without such evidence, [Plaintiffs] cannot survive summary judgment on a manufacturing defect claim." Moisenko, 100 F.Supp.2d at 493. Plaintiffs contend that the language used by the Michigan Supreme Court does not require comparison of the allegedly defective part with the manufacturer's production standards of like parts. Rather, Plaintiffs argue, that comparison is merely one permissive way to show a defect exists. However, without any direct evidence of a manufacturing defect, e.g., pointing to clearly visible foreign matter or impurities in the metal alloy, Plaintiff can show that the part was defectively manufactured only by demonstrating that the part did not meet the manufacturer's specifications. If Plaintiff does not show a defect in one of these two ways, a verdict would be based on mere speculation or

conjecture.  See Am. & Foreign Ins. Co. v. General Elec. Co., 45 F.3d 135, 140 (6th Cir. 1995).

**B.      Plaintiffs Cannot Show Causation**

Assuming, *arguendo*, that Plaintiffs can establish a genuine issue of material fact that Defendants defectively manufactured the part in question, Plaintiffs still must show that the defectively manufactured part caused the accident.  In a manufacturing defect claim, as in other torts, Plaintiffs must show that Defendants' actions were both: 1) the cause in fact, and; 2) of the proximate cause of Plaintiffs' injuries.  See Skinner v. Square D Co., 516 N.W.2d 475, 479 (1994).  Cause in fact requires Plaintiff to show that but for Defendants' actions, the injury would not have happened.  Id.  Proximate cause requires Plaintiffs to show that Defendants should be held liable because the consequences of their actions are foreseeable.  Id.  However, "[t]o be adequate, a plaintiff's circumstantial proof must facilitate reasonable inferences of causation, not mere speculation."  Id., at 480.  The court in Skinner went on to explain,

> . . . at a minimum, a causation theory must have some basis in established fact.  However, a basis in only slight evidence is not enough.  Nor is it sufficient to submit a causation theory that, while factually supported, is, at best, just as possible as another theory.  Rather, the plaintiff must present substantial evidence from which a jury may conclude that more likely than not, but for the defendant's conduct, the plaintiff's injuries would not have occurred.

Id.  It is here where Plaintiffs cause fails.

Plaintiffs have not produced "substantial evidence from which a jury may conclude" that a defectively manufactured steering knuckle would cause a driver to lose control of the vehicle. Id.  Plaintiffs' lone potential expert is not an engineer, nor does he possess any experience in designing or testing steering components.  On the contrary, it is Defendants that have submitted substantial evidence that failure of a steering knuckle would not cause a driver to lose control.

Defendants have produced ample evidence to show that a driver would maintain control over a vehicle where one steering knuckle failed because the wheel no longer under control of the steering system would track the direction of the wheel still responsive to the driver's input. Simply put, "[w]here the evidence indicates that it is as likely that the incident was caused by factors other than those asserted, a verdict for the defendant is mandated since otherwise a verdict would be based on speculation and conjecture." Am. & Foreign Ins. Co., 45 F.3d at 140. Plaintiffs have not produced any evidence that would support a verdict that is not based on mere speculation or conjecture. Because Plaintiffs cannot show cause in fact, no discussion of proximate cause is needed.

## IV.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment is **GRANTED.**

<u>s/Marianne O. Battani</u>
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: <u>July 21, 2005</u>

### CERTIFICATE OF SERVICE

Copies of this Order were mailed to H. Wallace Parker and Lisa M. Crawford on this date by ordinary mail and electronic filing.

s/Bernadette M. Thebolt  
CASE MANAGER